IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **PATRICIA EDWARDS**, as Administrator of the Estate of **WILLIE EDWARDS**, deceased<br><br>Plaintiff,<br><br>v.<br><br>**E.T. SIMONDS CONSTRUCTION COMPANY**, an Illinois Corporation,<br><br>Defendant. | Court No. _____<br><br>*JURY DEMAND (12 PERSON)* |

## COMPLAINT AT LAW

The Plaintiff, **PATRICIA EDWARDS, as Administrator of Estate of WILLIE EDWARDS, deceased**, by and through her attorneys, **PASSEN & POWELL** and **THE DUNK LAW FIRM**, complains against the Defendant, **E.T. SIMONDS CONSTRUCTION COMPANY** ["**E.T. SIMONDS**"], as follows:

### COUNT I
### (Negligence – Survival Action)

1. **PATRICIA EDWARDS** is the Administrator of the Estate of **WILLIE EDWARDS, Deceased**. [Order Appointing Administrator Ad Litem, **Exhibit 1**]

2. The Plaintiff, **PATRICIA EDWARDS, as Administrator of the Estate of WILLIE EDWARDS, Deceased**, brings this action pursuant to the provisions of 755 ILCS 5/27-6, commonly known as the Survival Act of the State of Illinois.

3. On June 10, 2020, **WILLIE EDWARDS, Deceased** ["**EDWARDS**"], was a resident at 1003 Hester Road, Memphis, Tennessee.

4. On June 10, 2020, **E.T. SIMONDS** was a road construction company with its principal place of business located at 1500 North Oakland, Carbondale, Illinois.

5. The amount in controversy is in excess of $75,000.00.

6. On and prior to June 10, 2020, **E.T. SIMONDS** was performing improvements and repairs on North Interstate 57 in the State of Illinois near milepost 63.

7. On June 10, 2020 at approximately 12:50 pm, **EDWARDS** was operating a Volvo tractor-trailer ["the tractor-trailer"] northbound on Interstate 57 at or near milepost 63.

8. Prior to June 10, 2020 at 12:50 pm, **E.T. SIMONDS** had removed portions of the shoulder by digging two 10" trenches.

9. **E.T. SIMONDS** did not place any warning sign, warning panel or barricade around the removed portions of the shoulder.

10. On June 10, 2020 at approximately 12:50 pm, the right tire of the tractor-trailer fell into the corner at the end of the first cutout, causing the tractor-trailer to veer into the shoulder area. **EDWARDS** was unable to pull out of the shoulder area before landing in the second cutout, which caused the tractor-trailer to run off the road, rolling onto its side before striking a tree and coming to a rest down an embankment. **EDWARDS** became trapped in the tractor-trailer.

11. On and prior to June 10, 2020, **E.T. SIMONDS**, through its employees and agents, was required to follow the Illinois Department of Transportation's Standard Specifications for Road and Bridge Construction ["IDOT SSRBC"].

12. On and prior to June 10, 2020, **E.T. SIMONDS**, through its employees and agents, owed **EDWARDS** and others on the roadway a duty to use reasonable care in the performance of its road construction work.

13. Notwithstanding said duty, on and prior to June 10, 2020, **E.T. SIMONDS**, through its employees and agents, was negligent in one or more of the following ways:

   a. In violation of IDOT SSRBC Sec. 701.07, failed to erect a Type I or II barricade or vertical panel to warn of the shoulder drop-off;

   b. In violation of IDOT SSRBC Sec 701.07, failed to erect a SHOULDER DROP-OFF sign to warn approaching motorists of a hazard;

    c.   Improperly put out drums that provided no notice that the shoulder was going to drop off; and

    d.   Failed to exercise the same care and caution that would be reasonable under the same or similar circumstances.

14.    As a direct and proximate result of one or more of the Defendant's negligent acts or omissions, **EDWARDS** had no warning of the impending drop off, which caused his truck to roll over causing serious and fatal injuries, including a hemothorax and flail chest due to multiple blunt impact trauma.

15.    As a direct and proximate result of one or more of the Defendant's negligent acts or omissions, **EDWARDS** suffered injuries including, but not limited to, pain, suffering, and emotional distress.

WHEREFORE the Plaintiff, **PATRICIA EDWARDS, as Administrator Ad Litem of the Estate of WILLIE EDWARDS, Deceased**, asks that a judgment be entered against the Defendant, **E.T. SIMONDS CONSTRUCTION COMPANY,** in a fair and just amount in excess of Seventy-Five Thousand Dollars [$75,000.00].

## COUNT II
**(Negligence – Wrongful Death)**

1.    **PATRICIA EDWARDS** is the Administrator of the Estate of **WILLIE EDWARDS, Deceased**. [Order Appointing Administrator Ad Litem, **Exhibit 1**].

2.    The Plaintiff, **PATRICIA EDWARDS, as Administrator of the Estate of WILLIE EDWARDS, Deceased**, brings this this action pursuant to the provisions of 740 ILCS 180/1 et seq., commonly known as the Wrongful Death Act of the State of Illinois.

3-13.    Plaintiff realleges paragraphs 3-13 of Count I of this Complaint as and for paragraphs 3-13 of this Count II.

14.    As a direct and proximate result of one or more of the Defendant's negligent acts or omissions, **EDWARDS** had no warning of the impending drop off, which caused his

truck to roll over causing serious and fatal injuries, including a hemothorax and flail chest due to multiple blunt impact trauma.

15. **WILLIE EDWARDS** left surviving his various persons who were his next of kin including, but not limited to, the following individuals:

    a. Patricia Edwards – Wife

    b. Sharee Edwards – Daughter

16. All of **WILLIE EDWARDS'** next-of-kin suffered injuries as a result of his death, including the loss of companionship and society and grief and sorrow. Further, **WILLIE EDWARDS'** estate was diminished by virtue of the medical, hospital and funeral expenses that were incurred.

WHEREFORE the Plaintiff, **PATRICIA EDWARDS, as Administrator Ad Litem of the Estate of WILLIE EDWARDS, Deceased**, asks that a judgment be entered against the Defendant, **E.T. SIMONDS CONSTRUCTION COMPANY,** in a fair and just amount in excess of Seventy-Five Thousand Dollars [$75,000.00].

Plaintiff demands trial by jury on all counts.

        Very truly yours,
        **PASSEN & POWELL**

By:_____
        Attorneys for the Plaintiff

Jordan S. Powell
jpowell@passenpowell.com
**PASSEN & POWELL**
One East Wacker Drive, Suite 1750
Chicago, IL 60601
(312) 527-4500

Brenna L. Sanchez
bsanchez@dunklawyers.com
**DUNK LAW FIRM**
717 Franklin Street
Houston, TX 77002
(713) 223-1435